UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SANTA CLARA COUNTY,<br><br>　　　　　Respondent. | Case No. 20-cv-04614-JD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 2 |

Petitioner, a detainee proceeding pro se, has filed a habeas petition pursuant to 28 U.S.C. § 2254. Petitioner was sent a notice that he had not paid the filing fee or submitted a complete application for leave to proceed in forma pauperis ("IFP"). He was allowed twenty-eight days to either pay the fee or file a proper application with all the required documents. More than twenty-eight days has passed and petitioner has not paid the fee or filed a complete application to proceed IFP. The case is **DISMISSED** without prejudice and petitioner's incomplete motion to proceed IFP (Docket No. 2) is **DENIED**.[1] A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 5, 2021

JAMES DONATO
United States District Judge

---

[1] Petitioner is advised that, under principles of comity and federalism, federal courts generally do not intervene in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).